IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TERRY WAYNE OMOLE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-1267-O-BP |
| | § | |
| **LAKEISHA EDMOND,** *et al.*, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On November 10, 2025, *pro se* Plaintiff Terry Wayne Omole filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 3. He also filed an amended application to proceed *in forma pauperis* ("IFP"). ECF No. 7.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Terry Wayne Omole is the plaintiff. He names Lakeisha Edmond and Rita Edmond as defendants.

C.   LEGAL ANALYSIS

To proceed with a civil action in this court, a plaintiff must either pay the $405.00 filing and administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. After reviewing Plaintiff's amended IFP application, the Court determined that it was deficient

because it contained various discrepancies related to Plaintiff's living and financial circumstances. ECF No. 9. On December 1, the Court ordered Plaintiff to either pay the $405.00 filing and administrative fees or file an amended long-form IFP application that clarifies the discrepancies by December 15. *Id.* The Court provided Plaintiff the form necessary to comply and warned him that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.* On December 18, the Court granted Plaintiff's request for an extension of time to comply with its order until January 2, 2026. ECF No. 12. The Court warned Plaintiff again that failure to timely comply could result in dismissal of this action without further notice. Plaintiff did not comply with the Court's order despite the extension.

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's orders expired. To date, Plaintiff has not complied with the Court's order, sought a further extension of time to do so, or otherwise attempted to respond to the Court's December 18 order. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court order and for lack of prosecution under Rule 41(b).

The undersigned therefore **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** Plaintiff's complaint for lack of prosecution and failure to comply with court orders, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14)**

**days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    It is so **ORDERED** on January 5, 2026.

                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE